Peter S. Partee, Sr. (*pro hac vice* application forthcoming)
Robert A. Rich (*pro hac vice* application forthcoming)
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000
ppartee@huntonak.com
rrich2@huntonak.com

-and-

Ellen A. Friedman (S.B. No. 127684)
Ruth Stoner Muzzin (S.B. No. 276394)
**FRIEDMAN & SPRINGWATER LLP**
350 Sansome Street, Suite 800
San Francisco, CA 94104
Telephone: (415) 834-3800
efriedman@friedmanspring.com
rmuzzin@friedmanspring.com

*Counsel for Finance of America Reverse LLC,*
*Compu-Link Corporation d/b/a Celink, and*
*Clear Recon Corp*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re<br><br>CELINK, FINANCE OF AMERICA, AND CLEAR RECON CORP,<br><br>Alleged Debtors. | Case No. 22-40338<br><br>Involuntary Chapter 7<br><br>**MOTION TO DISMISS INVOLUNTARY PETITION AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing:<br>Date: TBD /Motion to Shorten Time Pending<br>Time: TBD /Motion to Shorten Time Pending<br>Place: Hon. Roger L. Efremsky<br>*** Hearing to be conducted by Telephone or Video Conference |

Finance of America Reverse LLC ("FAR"),[1] Compu-Link Corporation d/b/a Celink ("Celink") and Clear Recon Corp ("CRC"; together with FAR and Celink, "Respondents"), respondents and alleged debtors in the above-captioned involuntary chapter 7 case (the "Involuntary Case"), by and through their undersigned counsel, hereby submit this motion (the "Motion") to dismiss the Involuntary Case pursuant to section 303 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 1011 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 12 of the Federal Rules of Civil Procedure (the "Federal Rules"). In support thereof, Respondents respectfully submit the concurrently filed (i) Declaration of Lauren Richmond (the "Richmond Decl."), (ii) Declaration of Adam Rusk (the "Rusk Decl."), and (iii) Declaration of Tammy J. Laird (the "Laird Decl.") In further support thereof, Respondents respectfully state as follows:

## BACKGROUND

On April 6, 2022, a purported representative of the Lionel Tanner Estate ("Petitioner")[2] filed a *pro se*, "bare bones" involuntary chapter 7 petition against Respondents[3] (Dkt. No. 1) (the "Involuntary Petition") in the United States Bankruptcy Court for the Northern District of California, Oakland Division (the "Court"), commencing the Involuntary Case. A summons was issued on April 11, 2022 (Dkt. No. 2). To their knowledge, Respondents have not been served with the summons or Involuntary Petition.

---

[1] The petitioning creditor improperly named "Finance of America" as an involuntary debtor. No such legal entity exists. To avoid the need for motion practice on the issue, this Motion is submitted on behalf of FAR, which FAR believes is the entity that the petitioning creditor intended to name based on FAR's relationship with the borrower whose estate the petitioning creditor purportedly represents.

[2] The Involuntary Petition is signed by "Arman Teh" as "Authorized Rep." for the "General Executor,"

[3] In addition to the Respondents, the Petitioner lists in item 2 of the Involuntary Petition, in parentheses, a number of individuals at least some of which appear to be affiliated with one of the Respondents. However, none of these individuals are identified as debtors in item 5 of the Involuntary Petition, and no address is identified for any of those individuals. The summons issued by the Clerk does not identify these individuals as debtors. Consistent with the summons, Respondents do not read the Involuntary Petition as identifying these individuals as debtors separate from the Respondents.

2
MOTION TO DISMISS INVOLUNTARY PETITION; MEMO IN SUPPORT | Case No. 22-40338

FAR is a financial lender specializing in reverse mortgages. Celink is an independent subservicer of reverse mortgages. CRC is a non-judicial foreclosure trustee.

Petitioner purports to be a representative of the executor for the estate of Lionel Tanner. Lionel Tanner, Sr. was a borrower under a reverse mortgage loan held by FAR and subserviced by Celink, for which the underlying property is in non-judicial foreclosure. Richmond Decl. at p. 2:10-12; Rusk Decl. at p. 2:10-12; Laird Decl. at p. 2:10-12.

## LEGAL STANDARD

Bankruptcy Rule 1011 provides that the respondent/alleged debtor may contest an involuntary petition in the manner prescribed by Federal Rule 12, and expressly allows the respondent to file a Federal Rule 12 motion before answering. Fed. R. Bankr. P. 1011(a), (b), and (c). Thus, Federal Rule 12(b)(6) applies in a contested involuntary situation, and a motion to dismiss the involuntary petition pursuant to Federal Rule 12(b)(6) may be based on either a "lack of cognizable legal theory" or the "absence of sufficient facts alleged under a cognizable legal theory." *Hayden v. QDOS, Inc. (In re QDOS, Inc.)*, 607 B.R. 338, 345 (B.A.P. 9th Cir. 2019) (quoting *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted)).

Federal Rule 12(d) permits the Court to consider matters outside the pleadings in connection with a motion under Federal Rule 12(b)(6) or 12(c), for judgment on the pleadings, by treating the motion as one for summary judgment, provided parties have a reasonable opportunity to present material pertinent to the motion. Fed. R. Civ. P. 12(d); s*ee also Cunningham v. Rothery (In re Rothery)*, 143 F.3d 546, 549 (9th Cir. 1998) (holding that summary judgment may be granted without additional notice where the losing party has had a "full and fair opportunity to ventilate the issues involved in the motion." (citations omitted)).

## ARGUMENT

**I. The Involuntary Case Should Be Dismissed Because Petitioner Fails to Allege Sufficient Facts Supporting a Claim, and Any Claim Held By Petitioner is Contingent and Subject to Bona Fide Dispute.**

To commence an involuntary case, a petitioner must hold "a claim … that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount." 11 U.S.C. § 303(b)(1).

3
MOTION TO DISMISS INVOLUNTARY PETITION; MEMO IN SUPPORT | Case No. 22-40338

These requirements "aim to prevent creditors from using the threat of an involuntary petition to bully an alleged debtor into not settling a speculative or validly disputed debt." *State Dep't of Revenue v. Blixseth* (9th Cir. 2019) 942 F.3d 1179, 1183 (quoting *Chi. Title Ins. Co. v. Seko Invs., Inc. (In re Seko Invs., Inc.),* 156 F.3d 1005, 1007-08 (9th Cir. 1998)).

Petitioner has the burden of proving that the requirements for commencing an involuntary case are satisfied. *In re Rothery*, 143 F.3d at 548 ("The filing of an involuntary case requires the petitioning creditor to meet the burden of proof on the main elements of § 303.").

Petitioner fails to properly allege that it holds a claim (of any kind) against any of the Respondents. In item 13 of the Involuntary Petition, under "name of petitioner," the Petitioner lists "Embezzelment [sic], Conversion, Trespass, Coercion, Swindling, Dishonest service, Mortgage Fraud, Breach-of-Duty, [and] Breach-of-fiduciary duty," with a total claim amount of $7 million. However, Petitioner offers no allegations on how the foregoing relates to the Respondents, or the basis upon which he calculates a $7 million claim. Petitioner references no underlying litigation. To their knowledge, Respondents are not aware of any litigation against them (other than this Involuntary Case) filed by Petitioner. Richmond Decl. at p. 2:13-15; Rusk Decl. at p. 2:13-15; Laird Decl. at p. 2:13-15.

Even had Petitioner alleged a viable claim against the Respondents, Petitioner cannot satisfy its burden that such claim "is not contingent as to liability or the subject of a bona fide dispute as to liability or amount." 11 U.S.C. § 303(b)(1). Respondents are aware of no conduct that would give rise to a claim by the Borrower, or his estate, against FAR, Celink, or CRC. Richmond Decl. at p. 2:16-17; Rusk Decl. at p. 2:16-17; Laird Decl. at p. 2:16-17. Respondents therefore vigorously dispute any allegation of wrongdoing in connection with the reverse mortgage loan provided to Lionel Tanner, Sr. or the non-judicial foreclosure process in connection therewith. Petitioner, however, does not even allege that his claims are not subject to a bona fide dispute. Given the serious nature of the tort claims identified by Petitioner, it would be unreasonable for Petitioner to conclude anything other than that the claims would be hotly disputed. *See In re Cap. Fin., Inc.*, Case No. 07-01122, 2007 WL 7535047, at *11 (B.A.P. 9th Cir. Nov. 14, 2007) ("The record supports no

other conclusion than that [petitioner's] claims were hotly disputed, and that [petitioner] knew it or, by any standard of reasonableness, must have known it, given the serious nature of his charges."); *Adell v. John Richards Homes Bldg. Co., L.L.C. (In re John Richard Homes Bldg. Co., L.L.C.)*, 439 F.3d 248, 257 (6th Cir.2006) ("[T]he nature of [petitioner's] claims was such that he would certainly not require legal advice to understand that he and [respondent] would have real and substantial legal and factual disputes, and further that the litigation to resolve these disputes would be lengthy and costly. Even before [respondent] filed responsive pleadings, [petitioner] could not have reasonably concluded that [respondent] would simply admit that it had committed the frauds and the other intentional wrongs that he had alleged.")

Accordingly, Petitioner holds at best a claim that is subject to bona fide dispute, and therefore was ineligible to commence the Involuntary Case.

**II.  The Involuntary Case Should Be Dismissed Because Petitioner Improperly Named Multiple Alleged Debtors in a Single Petition.**

"The Bankruptcy Code does not permit joint involuntary petitions against multiple debtors." *Hujazi v. Recoverex Corp. (In re Hujazi)*, Case No. 16-1018, 2017 WL 3007084, at *10 (B.A.P. 9th Cir. July 14, 2017). Petitioner improperly named each of the three Respondents as alleged debtors in a single Involuntary Petition. The Involuntary Case is incurably flawed and should be dismissed for this reason alone.

**III.  The Involuntary Case Should Be Dismissed Because Petitioner Has Not, and Cannot, Satisfy His Burden of Proving that Respondents are Not Generally Paying Their Debts as They Become Due.**

Section 303(h)(1) of the Bankruptcy Code provides, in relevant part, that "the court shall order relief against the debtor in an involuntary case … only if the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount." 11 U.S.C. § 303(h)(1).[4]  *In re WLB-RSK Venture*, 296 B.R. 509, 514

---

[4] As an alternative to proving that the debtor is not generally paying undisputed debts as they become due under section 303(h)(1), a petitioner may attempt to prove under section 303(h)(2) that within 120 days before the date of the filing of the petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession. Here Petitioner relies solely on section 303(h)(1). *See* Involuntary Petition Item 11.

(Bankr. C.D. Cal. 2003), aff'd 320 B.R. 221 (B.A.P. 9th Cir. 2004), 223 F. App'x 555 (9th Cir. 2007). Pursuant to section 303(h)(1), a bankruptcy court may enter an order for relief on an involuntary petition only if the alleged debtor is generally not paying its undisputed debts as they become due. *Id.* at 514, fn. 3 (dismissing apparent bad-faith filing where claims were in dispute). The petitioning party has the burden of proof on this issue. *In re Rothery*, 143 F.3d at 548.

The Ninth Circuit has adopted a "totality of the circumstances" test for determining whether a debtor is generally not paying its debts under section 303(h)(1). *In re Vortex Fishing Sys., Inc.*, 277 F.3d 1057, 1072 (9th Cir. 2001) (citing *Hayes v. Rewald (In re Bishop, Baldwin, Rewald, Dillingham & Wong, Inc.)*, 779 F.2d 471, 475 (9th Cir.1985). A finding that a debtor is generally not paying debts as they become due requires more than "establishing the existence of a few unpaid debts." *Vortex Fishing*, 277 F.3d at 1072 (quoting *In re Dill*, 731 F.2d 629, 632 (9th Cir. 1984). The amount of the delinquency, the materiality of the nonpayment, and the nature of the conduct of the debtor's affairs are to be considered under the "totality of circumstances test." *Id. (*citing *General Trading Inc. v. Yale Materials Handling Corp.,* 119 F.3d 1485, 1504 n. 41 (11th Cir. 1997) (citations omitted)).

Petitioner will be unable to adduce a scintilla of evidence that Respondents are not generally paying their debts as they become due. Each of the Respondents generally pays its debts as they become due, unless such debts are the subject of a bona fide dispute as to liability or amount, consistent with their historical practice. Richmond Decl. at p. 2:19-21; Rusk Decl. at p. 2:18-19; Laird Decl. at p. 2:18-19. FAR is an indirect subsidiary of Finance of America Companies Inc., a publicly-traded company with a market capitalization of over $140 million as of April 26, 2022. Richmond Decl. at p. 2:18-19. Accordingly, the Involuntary Case should be dismissed for the independent reason that Petitioner has not, and cannot, satisfy his burden under section 303(h)(1) of the Bankruptcy Code.

**IV.    Respondents Reserve Their Rights to Costs, Attorneys' Fees, and Damages Under Section 303(i) of the Bankruptcy Code.**

Section 303(i) of the Bankruptcy Code provides that:

> (i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—
> (1) against the petitioners and in favor of the debtor for—
> (A) costs; or
> (B) a reasonable attorney's fee; or
> (2) against any petitioner that filed the petition in bad faith, for—
> (A) any damages proximately caused by such filing; or
> (B) punitive damages.

11 U.S.C. § 303(i).

Respondents expressly seek the imposition of, and preserve their rights under, section 303(i) of the Bankruptcy Code to pursue any and all damages and related remedies against Petitioner resulting from this frivolous Involuntary Case. Respondents will seek to enforce their remedies upon entry of an order granting the Motion, and in an amount to be fixed based on proof submitted to the Court.

**V.     Respondents Reserve Their Rights to Assert Additional Defenses in Connection With Any Answer or Subsequent Motion Practice.**

Respondents expressly reserve their rights to assert additional defenses in connection with an answer or subsequent motion permitted under Bankruptcy Rule 1011, including without limitation with respect to Petitioner's failure to satisfy his burden under section 303(b) of the Bankruptcy Code that there be three eligible petitioners in instances where the alleged debtor has more than twelve creditors (excluding employees and insiders) with noncontingent, undisputed claims. The petition in this Involuntary Case does not contain any facts that would support filing by a single petitioner.

## CONCLUSION

WHEREFORE, Respondents respectfully request that the Court (a) dismiss the Involuntary Case, (b) award Respondents their attorneys' fees, costs, and actual, consequential, and punitive damages, and (c) grant such other and further relief in favor of Respondents as the Court deems just or proper.

/ / /

/ / /

| | | |
|---|---|---|
| Dated: April 28, 2022 | | Respectfully submitted, |
| | By: | /s/ *Ruth Stoner Muzzin* |

Ellen A. Friedman (S.B. No. 127684)
Ruth Stoner Muzzin (S.B. No. 276394)
**FRIEDMAN & SPRINGWATER LLP**
350 Sansome Street, Suite 800
San Francisco, CA 94104
Telephone: (415) 834-3800
efriedman@friedmanspring.com
rmuzzin@friedmanspring.com

-and-

Peter S. Partee, Sr. (*pro hac vice* application forthcoming)
Robert A. Rich (*pro hac vice* application forthcoming)
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000
ppartee@huntonak.com
rrich2@huntonak.com

*Counsel for Finance of America Reverse LLC, Compu-Link Corporation d/b/a Celink, and Clear Recon Corp*